UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

-----------------------------------------------------------

MARIO TETA, JR. and RONALD MACHADO    :

Plaintiffs,    :

-v-    :

LI QUIN FU, SHANGHAI MATSUOKA    :
COMPANY, LTD, LONG YI WANG,
AMANDA Z. MAW, JERRY WANG, VICKI    :
ZHANG and MATSUOKA AMERICA LIMITED,    :

Defendants.    :

-----------------------------------------------------------

2005 JAN 14  A 9: 53

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Civil Case No:
302 CV 2183 (JCH)

January 13, 2005

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO OBJECT TO MOTION TO DISMISS SO THAT DISCOVERY CAN BE CONDUCTED

Plaintiffs in this matter have moved to extend the time in which to reply to the defendants' Li Quin Fu and Long Yi Wang's Motion to Dismiss in order to permit discovery for sixty (60) days from the date of the Court's order on this motion by the completion of the deposition of Vicki Zhang and the taking of the depositions of Long Yi Wang and Li Quin Fu.

The Court must construe the complaint liberally in the Plaintiff's favor, Scheuer v. Rhodes, 416 U.S. 232, 236-37, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974), and may grant a motion to dismiss only if it is beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246,

100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980) As the plaintiff has pointed out in their Reply to Objection to Amendment "... significant and telling is the fact that the Plaintiff makes a point that the assertion of a contract between the Plaintiffs and each of two corporate Defendants and five individual Defendants was frivolous yet the Plaintiffs respectfully request that this honorable court take judicial notice of the fact that the Plaintiffs have sued the company Shanghai Matsuoka a Chinese Corporation based in Shanghai, China (See AFF., Zhang,), the company Matsuoka America based in New York, and in their individual capacity Jerry Wang, Long Yi Wang, Amanda Maw, Vicki Zhang and Li Quin Fu yet despite the "entity" not to mention geographical distinctions between these two "separate" companies and the many individual Defendants, a single and solitary appearance has been filed on behalf of each and every defendant by a small Wilton, Connecticut law firm.

So weak is the facade of a distinction between the two companies controlled by Li Quin Fu and so implausible, even to the Defendants, that there could ever be conflicting interest between these "two" Li Quin Fu controlled companies that it didn't even warrant each corporation faking it and having its own attorney. So controlled and beholden to Li Quin Fu and the companies he runs not a single individual retained their own counsel despite the personal liability exposure.  This glaringly illustrates precisely how intertwined these parties are, as well as, the shell game the Plaintiffs face. Which hat were these parties wearing on any given day that they where entering into agreements, making statements and breaching them?

The symbiotic interest and actions of these companies and individuals stretch from China to Connecticut in this matter and the dodging of liability is both disturbing and suspect. It should not be lost upon this honorable court that the solitary voice in this litigation for the China Corporation, the New York Corporation and all five of the individual Defendants flows from the pen of a single law office. The Plaintiffs too faced a single voice speaking for multiple shifting entities and overseas individuals." This description of shifting entities, changing people and roles is becoming more accurate as discovery progresses. Defendant Li Quin Fu's façade is cracking and the truths mistruths, and games the defendants are playing are becoming undeniable. On December 20, 2002 when service was first made upon defendant Li and Long Yi Wang at 350 Fifth Avenue, Suite 1520, New York, New York the defendants' ran to this honorable court and filed sworn affidavits in support of a motion to dismiss. In the sworn affidavit of defendant Vicki Zhang (See attached Exhibit 1) it was stated to this honorable court under oath that "Shanghai Matsuoka is a Chinese corporation and its principal place of business is in Shanghai, China. It does not have any offices in New York or Connecticut." She further gave sworn testimony to this court that "Li Quin Fu has never worked at this office location". Additionally, in the sworn affidavit of defendant Jerry Wang (See attached Exhibit 2), Mr. Wang stated under oath to this honorable court that "To the best of my knowledge, Li Quin Fu has never worked at this office." These sworn statements were offered to this court to invalidate the service and discredit the plaintiffs'

understanding of the companies, its offices and who they were working for. These affidavits were dated April 23, 2003.

However, on August 10, 2004, the plaintiffs' deposed Dan Beck, the president of Sir Speedy who produced business cards at his deposition that had been exchanged at a meeting he had with Li Quin Fu and Vicki Zhang in 2002. Li Quin Fu's business card as provided to the President of Sir Speedy in his dealings with Sir Speedy proclaim him Chairman and CEO of Shanghai Matsuoka., LTD with offices in Shanghai, Beijing and, precisely as the plaintiffs were lead to believe an "American Branch, Empire State Building, 350 Fifth Avenue, Suite 1520, New York, New York, 10118    TEL: +1(212) 736 3188 FAX:+ 1(212)594 1633..."    (See attached Exhibit 3).  Further, the business card of Vicky Zhang produced at the deposition displays Matsuoka America Co., LTD and Shanghai Matsuoka Co., LTD as mirror images of one another with, yet again, offices in Shanghai and 350 Fifth Avenue., Suite 1520, New York, New York, 10118. (See attached Exhibit 4).

The concept of Matsuoka Shanghai and Matsuoka  America as being blurred and  cleverly manipulated to gain advantage in dealing with the plaintiffs has been at the forefront of this litigation since its inception and lies at the very heart of the issue of Li Quin Fu, his involvement, liability and representation. The business cards produced by the President of Sir Speedy at his deposition are the first documentary evidence that fully contradicts the defendants affidavits and supports the plaintiffs' allegations regarding the slippery and morphing involvement of these "different" yet very much the same companies

that are so closely controlled by one Mr. Li Quin Fu. These cards are clear evidence of precisely the type of symbiotic companies and duel office locations that the defendants were representing to everyone from the plaintiffs to Sir speedy in their quest for American printing operations. Certainly it is understandable that the situation is more than a little murky to the plaintiffs if the verbal representations by the defendants as to what company was doing what, what office was with what company and what company Li and the others were working for at any given moment were even less forthright than the business cards.

The affidavits, although cleverly worded with safe house language such as, "to the best of my knowledge" certainly left the plaintiffs with the impression that perhaps they misunderstood, perhaps Li and/or Shanghai Matsuoka has no office at the empire state building as they had been led to believe, perhaps service must be made in China. Thanks to discovery and the retention of business cards by Sir Speedy from the time period in question it appears that the defendants claims are less than credible. The defendants' affidavits and motions for dismissal would lead one to believe that the plaintiffs were out of their minds for believing even suggesting that Li Quin Fu or Shanghai Matsuoka had an office at 350 Fifth Avenue., Suite 1520, New York, New York or were in any way connected to Fu or each other. The reality is however, that Vicky Zhang and Jerry Wang are filing affidavits swearing that "Shanghai Matsuoka is a Chinese corporation and its principal place of business is in Shanghai, China. It does not have any offices in New York or Connecticut.", "Li Quin Fu

has never worked at this office location" and "To the best of my knowledge, Li Quin Fu has never worked at this office."  Meanwhile Li Quin Fu had been handing out his business card proudly representing to others his Shanghai Matsuoka office at 350 Fifth Avenue., Suite 1520, New York, New York, the very same address and suite where Wang and Zhang work and where served. Yet they would have this court and others believe Li Quin Fu, Matsuoka America, Shanghai Matsuoka and 350 Fifth Avenue, Suite 1520, New York, New York, have absolutely nothing to do with each other.   These affidavits are most suspect and should be given the weight and value they deserve in light of the evidence uncovered in discovery.

Furthermore, currently there is not a single piece of evidence other than the highly suspect affidavits of Zhang and Wang that contradict Li Quin Fu's own business cards as to where his office is.  In fact a review of the pleadings gives the impression that defense counsel has not even spoken to Mr. Li. Where is the affidavit from Li Quin Fu stating he has no office in New York and his business card is a fraud? Where is Li Quin Fu to swear under oath as to his work venue to defeat the service?   He has been served and he now manipulates the process by choosing to fight through his employees, mere minions who obviously do not even possess their boss's business cards, forcing them to make sworn statements to the court about his whereabouts and offices only to be thwarted by the most direct link to date to Mr. Li, the business card he presented to the President of Sir Speedy during franchise discussions. The only way to truly know what Mr. Li's position is would be to hear it from him.

Therefore, a deposition of Mr. Li is necessary. Moreover, just as suspect is the fact that, as the defendant's concede in their memorandum (page 3) Long Yi Wang did work at suite 1520, apparently for one of the numerous Li Quin Fu companies one can find in that suite, but on the day of service he did not. The plaintiffs are asked to rely on these two affidavits, one of them being the defendant's brother defendant Jerry Wang that apparently his brother was no longer working at that office on the day service was made or one could wonder if he was only not working at the office during the hour of service. Why is there no Affidavit from Long Yi Wang?   Further discovery is necessary on this issue.

The defendants wish to dismiss this action against Li on the grounds that he has not yet been served, however, the plaintiffs need to perform discovery to establish that in fact Mr. Li has a place of business in New York. The uncovering of Mr. Li's business card most certainly gives support to the plaintiffs' assertion that Mr. Li has an actual place of business where service was made. Additionally, the plaintiffs' deposition of defendant Vicki Zhang was continued by agreement on the record and needs to be completed. (See attached Exhibit 5). It is hopeful that her testimony could shed further light on these issues. Accordingly, the Plaintiffs in this matter hereby move to extend the time in which to reply to the defendants' Li Quin Fu's Motion to Dismiss to complete the deposition of Vicky Zhang and other the depositions of Li Quin Fu to take place within one hundred (100) miles of the court house and Long Yi Wang in the City of New York. The defendant objects to the motion but

defendant does not object to a fifteen (15) day extension from the latter of the completion of the depositions or the Court's denial of this motion.

FOR THE PLAINTIFFS

By:_____

Edward N. Lerner
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT  06901
(203) 316-8122
ct07355

## **CERTIFICATION OF SERVICE**

This is to certify that the a copy of the foregoing was sent via United States first class mail, postage prepaid, this 13th day of January, 2005 to all counsel of record as follows:

> Matthew C. Mason, Esq.
> Gregory and Adams, P.C.
> 190 Old Ridgefield Road
> Wilton, CT  06897-4023

By_____

EDWARD N. LERNER
Lerner & Guarino, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

– – – – – – – – – – – – – – – – – – – – – – – – – – x

MARIO TETA, JR. AND RONALD MACHADO    :
                                       :
                    Plaintiffs,        :        CIVIL CASE NO.
                                       :        302 CV 2183 (JBH)
                                       :
          VS.                          :
                                       :
LI QUIN FU, SHANGHAI MATSUOKA          :
COMPANY, LTD, LONG YI WANG, AMANDA     :
Z. MAW, JERRY WANG, VICKI ZHANG AND    :
MATSUOKA AMERICA LIMITED,              :
                                       :
                    Defendants.        :
                                       :        APRIL 23, 2003
– – – – – – – – – – – – – – – – – – – – – – – – – :x


### AFFIDAVIT OF VICKI ZHANG

STATE OF NEW YORK    )
                     )        ss. New York
COUNTY OF NEW YORK   )


Vicki Zhang, being duly sworn, deposes and says:

1.      I am over the age of eighteen years, and I believe in the obligation of an oath.

2.      I am employed by Matsuoka America Limited ("Matsuoka America"), a Chinese corporation registered to conduct business in New York.

3.      Shanghai Matsuoka is a Chinese corporation and its principal place of business is in Shanghai, China. It does not have any offices in New York or Connecticut.

4.      Neither Long Yi Wang nor Li Quin Fu worked at Suite 1520, 350 Fifth Avenue, New York, New York as of December 20, 2002 or since that time. Li Quin Fu

has never worked at this office location. Li Quin Fu's principal place of business in

Shanghai, China.

_____
Vicki Zhang


Sworn to before me this 23rd day of April, 2003

_____
Commissioner of Superior Court
Notary Public

CHARLES PEI WANG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01WA4745664
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APR. 30, 2004

- 2 -

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was served by facsimile and United

States first class mail, postage prepaid this 24th day of April, 2003 to all counsel of record

as follows:

>       George Kent Guarino, Esq.
>       Lerner & Guarino, LLC
>       112 Prospect Street
>       Stamford, CT 06901

By _Matthew C. Mason_

>       Matthew C. Mason (ct 15291)
>       Gregory and Adams, P.C.

MCM/djl
O:\CLIENTS\WANG\Affidavit of Vicki Zhang in support of motion to dismiss.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
MARIO TETA, JR. AND RONALD MACHADO          :
                                                      :
                        Plaintiffs,               :        CIVIL CASE NO.
                                                      :        302 CV 2183 (JBH)
                                                      :
            VS.                                       :
                                                      :
LI QUIN FU, SHANGHAI MATSUOKA            :
COMPANY, LTD, LONG YI WANG, AMANDA   :
Z. MAW, JERRY WANG, VICKI ZHANG AND  :
 MATSUOKA AMERICA LIMITED,                 :
                                                      :
                        Defendants.               :
                                                      :        APRIL 23, 2003
- - - - - - - - - - - - - - - - - - - - - - - - - - :x

**AFFIDAVIT OF JERRY WANG**

STATE OF NEW YORK      )
                                     )        ss. New York
COUNTY OF NEW YORK  )

Jerry Wang, being duly sworn, deposes and says:

1.      I am over the age of eighteen years, and I believe in the obligation of an oath.

2.      I am the President of Bridge Trading Company with a place of business at

350 Fifth Avenue, Suite 1520, New York, New York.

3.      On December 20, 2002, I returned to my office after lunch and a man was

leaving the office who had left a stack of papers on the conference room table in the

office exterior.  At no time did this man identify himself to me or explain why he was

leaving the papers. I did not sign for the papers since I did not know what they were or

who they were for, and he did not explain the situation to me.  He did not ask me any

questions except if I would sign for the papers.

- 1 -

4.      I am not authorized to accept legal process on behalf of Li Quin Fu, Long Yi Wang, Shanghai Matsuoka Company, Ltd., or Matsuoka America Ltd.

5.      Neither Long Yi Wang nor Li Quin Fu worked at Suite 1520, 350 Fifth Avenue, New York, New York as of December 20, 2003 or, to the best of my knowledge, since that time.  To the best of my knowledge, Li Quin Fu has never worked at this office.

6.      I never met or spoke to or had any dealings with either of the plaintiffs, Mario Teta, Jr. or Ronald Machado, prior to July 2002.  My sole contact with them was on one occasion in July 2002 when they came to the offices to speak to Vicky Zhang. She was not there so I told them I would tell her to get in touch with them.

_____
Jerry Wang

Sworn to before me this 23 day of April, 2003

_____
Notary Public

**CHARLES PEI WANG**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 01WA4745664**
**QUALIFIED IN QUEENS COUNTY**
**COMMISSION EXPIRES APR. 30, 2004**

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was served by facsimile and United States first class mail, postage prepaid this 24th day of April, 2003 to all counsel of record as follows:

George Kent Guarino, Esq.
Ed Lerner, Esq.
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT 06901

By _____

Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.

MCM/djl
O:\CLIENTS\WANG\Affidavit of Jerry Wang in support of motion to dismiss.doc

# SHANGHAI MATSUOKA CO., LTD.

## Qinfu Li
### CHAIRMAN & CEO

**SHANGHAI HEAD OFFICE**
1266. 63F-66F. 66 PLAZA .NANJING ROAD WEST. SHANGHAI CHINA
TEL: 0086-21-62883080  FAX: 0086-21-62883886  ZIP: 200040
**BEIJING OFFICE**
4B INTERNATIONAL FINANCE BUILDING,156 FUXING DOOR BIG STREET, BEIJING, CHINA
TEL: 0086-10-66426288  FAX:0086-10-66426289  ZIP: 100031
**AMERICAN BRANCH**
Empire State Building. 350 Fifth Avenue. Suite 1520. New York NY 10118
TEL: +1(212)736 3188  FAX:+1(212)594 1633
E-mail:lqf0308@21cn.com  Web: http://www.matsuoka.com.cn



# MATSUOKA AMERICA CO., LTD.
# SHANGHAI MATSUOKA CO., LTD.

**MATSUOKA**
CORPORATION

### Vicky W. Zhang

**NEW YORK OFFICE:**
350 Fifth Ave., Suite 1520
New York, NY 10118
Tel.: (212) 736-3188 *ext 11*
Fax: (212) 736-8090 *514-1633*
http://www.matsuoka.com.cn

**SHANGHAI HEAD OFFICE:**
8/F OOCL Building, 841 Yan An
Road Central, Shanghai, China
Zip: 200040
Tel.: 86 (021) 62893080
Fax: 86 (021) 62893088

1    at Sir Speedy, everyone who went with you who

2    didn't work at Sir Speedy?

3        A.    Li Quin Fu.

4        Q.    Yes.

5        A.    Leslie Chang, Angel.

6        Q.    I have one last question, did Angel come

7    from China or the United States?

8        A.    I am not really sure where she came

9    from.

10       Q.    Just so you understand, I am not asking

11   where she is from originally.  I am asking where

12   she came from for this Sir Speedy visit just to

13   make it clear.

14       A.    In that case, she came from California.

15            MR. LERNER:  We can take a break now.

16            (Whereupon, a brief recess was taken.)

17            MR. LERNER:  We are going to adjourn

18       now, the deposition now.  You are excused.  I

19       mean we are going to stay for a minute with

20       some legal stuff on the record.

21            (Whereupon, the interpreter left the

22       room.)

23            MR. LERNER:  We are just agreeing to

24       continue the deposition.  We may have it

25       continued in New York just because we want to

get a different interpreter even though
nobody is objecting to the validity of the
deposition.  I just think for the rest of the
deposition it will go a lot faster if we have
somebody with a different style.

I would like to try to schedule it
with Amanda Maw and Mr. Mason has agreed to
try to do that.  We also have the subject of
finishing Mr. Teta's deposition.  Maybe you
could -- I think we ought to try to have all
of this done.

MR. MASON:  We will do the best we can.

MR. LERNER:  And I am putting Mr. Mason
on notice after today that after I get the
translation of that document, I may have an
expert -- I mentioned an economist -- after
we take Sir Speedy's deposition but I may
need a deposition to interpret that one
letter that she says was written to Mr. Li.
And I am just putting him on notice so he may
want to get his own, you know, translator.

MR. MASON:  I will deal with it one step
at a time.

MR. LERNER:  I am just giving you notice
as fairly as possible.