UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
MARIO TETA, JR. AND RONALD MACHADO   :
:
               Plaintiffs,     :     CIVIL CASE NO.
:     302 CV 2183 (JCH)
:
VS.                     :
:
LI QUIN FU, SHANGHAI MATSUOKA    :
COMPANY, LTD, LONG YI WANG, AMANDA :
Z. MAW, JERRY WANG, VICKI ZHANG AND :
MATSUOKA AMERICA LIMITED,       :
:
               Defendants.    :     JANUARY 19, 2005

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO OBJECT TO
MOTION TO DISMISS SO THAT DISCOVERY CAN BE CONDUCTED**

      This memorandum of law is submitted by Defendant Qinfu Li, incorrectly named as Li Quin Fu (hereinafter "Li" or "Qinfu Li") in the Summons, Complaint and Amended Complaint, and Defendant Long Yi Wang (hereinafter "Wang" of "Long Yi Wang"), in opposition to Plaintiffs' Motion to Extend Time to Object to Motion to Dismiss so That Discovery Can be Conducted ("Plaintiffs' Motion"). Plaintiffs seek to take three depositions before responding substantively to the Defendants' Motion to Dismiss, which motion is little more than a renewal of their original April 2003 Motion that was decided by the Court in February, 2004 (the "Ruling") [Docket No. 13].[1] Even allowing for the fact that counsel did not learn of the Ruling until November 2004, Plaintiffs have failed

---

[1] In the Ruling, the Court, inter alia, denied without prejudice the motions of defendants Li and Wang to dismiss the claims against them. Ruling at 10-11. The Court did not rule on merits of the motion vis a vis these defendants because it had already granted Plaintiffs' motion for issuance of additional summons, and the Court therefore believed it unnecessary to adjudicate the motion since Plaintiffs apparently intended to try again to effectuate service on these defendants. However, the plaintiffs have not done so and, in accordance with the Court's directive, the Defendants have made a second motion to dismiss, which is substantively similar to its original motion.

to diligently pursue the purportedly necessary jurisdictional discovery, and have made no showing of the need for this discovery in order to respond to the motion to dismiss.[2] Plaintiffs seek court permission to drag Mr. Li to the United States from China to ask him whether his actual place of business is Fifth Avenue in New York, rather than in China where it is undisputed he lives and works, and notwithstanding uniform deposition testimony and affidavits that he never worked in New York.  Furthermore, Plaintiffs have blatantly mischaracterized the record and failed to advise the Court of facts and circumstances pertinent to the Court's determination.

The Plaintiffs make three untenable arguments.  First, they claim (in three separate paragraphs) that the defendants' retention of a single law firm is evidence of the intertwined relationships among the defendants.  Memorandum in Support of Motion to Extend Time to Object to Motion to Dismiss so That Discovery Can be Conducted ("Plaintiffs' Memo") at 2-3.  Plaintiffs never explain how the fact of representation by a single firm is or could be relevant, or how it could or does supports the need for discovery to respond to the motion to dismiss.

Second, Plaintiffs claim that Mr. Li's business card is proof he had a New York office and justifies his deposition on jurisdictional issues, the deposition to be taken at a location within 100 miles of the courthouse.  However, the business card is absolutely consistent with the affidavits and deposition testimony of three people who worked in the Fifth Avenue office space and who already have been deposed by Plaintiffs; Jerry Wang, Amanda Maw and Vicki Zhang all testified that Mr. Li did not work in New York and he was physically present at this office location only once or twice over a three year period.

---

[2] In opposing Plaintiff's original motion to dismiss, Plaintiffs did not claim that they needed discovery to respond to the motion.

The business card refers to Shanghai and Beijing *offices*, in contrast to a New York *branch*. There is no evidence that even suggests that the Fifth Avenue location was Mr. Li's "actual place of business."  There is no evidence that he was "physically present with regularity [or] regularly transact[ed] business at that place" and there is no reason for Mr. Li to come from China to be deposed on this issue.

Third, Plaintiffs claim that Mr. Li's business card impugns the affidavits of Jerry Wang and Vicki Zhang.  As noted above, there is nothing inconsistent between the affidavits and Mr. Li's business card, which contains a reference to an "American Branch."  Plaintiffs' willingness to accuse people of lying, including three people that they have fully deposed on these issues and whose testimony is unimpeached, is offensive.

**ARGUMENT**

**I.      THE MOTION SHOULD BE DENIED SINCE ADDITIONAL DISCOVERY IS UNWARRANTED FOR THE PLAINTIFFS TO RESPOND TO THE MOTION TO DISMISS.**

Defendants Li and Wang seek to dismiss the complaint under Fed. R. Civ. P. 12(b) (5) for improper service of process.  A motion to dismiss under Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Cole v. Aetna Life & Cas., 70 F.Supp.2d 106, 109 D. Conn.1999). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Id. at 110 (citations omitted).

The court in <u>United States v. Swiss American Bank, Ltd</u>, 274 F.3d 610 (First Circuit 2001) explained the need for the plaintiff to be diligent in pursing jurisdictional discovery:

> We have long held that "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." <u>Sunview Condominium Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962, 964 (1st Cir.1997) (emphasis added); accord <u>Surpitski v. Hughes-Keenan Corp.</u>, 362 F.2d 254, 255-56 (1st Cir.1966). However, "that entitlement is not absolute." <u>Sunview</u>, 116 F.3d at 964. A plaintiff must be diligent in preserving his or her rights. Id. Moreover, even when the plaintiff has been diligent and has made a colorable claim for personal jurisdiction, the district court still has "broad discretion to decide whether discovery is required." <u>Crocker v. Hilton Int'l Barb., Ltd.</u>, 976 F.2d 797, 801 (1st Cir.1992).

<u>Id</u>. at 625-26.

Plaintiffs claim they need to conduct three depositions in order to respond to the motion to dismiss.[3] However, there is no reasonable basis for any further discovery on these issues or any reason to believe that Mr. Li's testimony will change the result of the motion to dismiss given the applicable legal standard.

    A.    <u>Defendant Wang</u>

Plaintiffs claim to have served Defendant Long Yi Wang pursuant to CPLR §308(2) by leaving the summons and complaint with Jerry Wang at Defendant Long Yi Wang's place of business, 350 Fifth Avenue, Suite 1520, New York, New York. <u>See</u> Return of Service for Long Yi Wang [Docket No. 10]. CPLR §308(2) provides for personal service upon natural persons by "delivering the summons within the state to a

---

[3] While it is perhaps understandable that Plaintiffs may have waited until learning of the Court's Ruling to pursue certain discovery, we believe they have had ample opportunity from the outset of the case to take discovery on jurisdictional issues.

4

person of suitable age and discretion at the <u>actual place of business</u>, dwelling place or usual place of abode of the person to be served . . . ." (Emphasis added).

It is undisputed that Mr. Wang once worked at the Fifth Avenue location. However, he did not work there as of the date of attempted service of process. <u>See</u> Affidavit of Jerry Wang, dated April 23, 2003, previously filed with the Court [Docket No. 15] [hereinafter "Wang Aff."] ¶¶4-5; Affidavit of Vicki Zhang, dated April 23, 2003, previously filed with the Court [Docket No. 16] [hereinafter "Zhang Aff."] ¶4.

Plaintiff's suggestion that these affidavits are not credible (Plaintiffs' Memo at 6) is entirely without support. Plaintiffs have already deposed Jerry Wang, Amanda Maw and Vicki Zhang, all of whom worked at that office location in and before December 2003.[4] The Plaintiffs have had ample opportunity to discover any facts that might support their claim and are unable to do so for the simple reason that Mr. Wang no longer worked at the Fifth Avenue location as of the date of attempted service. Given the affidavits and deposition testimony from the people who did work at that location as of the date of attempted service, there is no reason for an affidavit or testimony from Mr. Wang on this issue.

The reality is that Long Yi Wang did not work at the Fifth Avenue location as of the time of attempted service, a fact of which Plaintiffs were aware no later than April 2003. There is simply no need for a deposition of Mr. Wang at this point on this issue.

---

[4] Plaintiffs request to complete the deposition of Vicki Zhang (Plaintiffs' Memo at 7) is disingenuous, as Ms. Zhang already was deposed at length about the Fifth Avenue office, who worked there, Mr. Li's visits to the office and other potentially relevant jurisdictional facts.

B.     <u>Defendant Li</u>

It is settled law in New York that "[i]n order for a place to be a person's actual place of business,' that person must be shown to regularly transact business at that place." <u>Underwood v. Shukat</u>, 2002 WL 1315597 at *1 (S.D.N.Y. 2002) (quoting <u>Anon Realty Assocs., L.P. v. Simmons Stanley Ltd.</u>, 153 Misc. 2d 954, 957, 583 N.Y.S.2d 778 (Sup.Ct. N.Y.Co, 1992)).  <u>See</u> also <u>Cho v. Song</u>, 166 Misc. 2d 129, 133, 631 N.Y.S.2d 484 (Sup.Ct, NY City 1999), *appeal dismissed*, 286 A.D.2d 248, 729 N.Y.S.2d 117 (N.Y.A.D. 1 Dept. Aug 16, 2001) ("In order for a place to be a person's actual place of business that person must be physically present with regularity . . . and must be shown to regularly transact business at that place.")(quoting cases).

There is no evidence whatsoever that Mr. Li ever transacted *any* business at 350 5th Avenue, New York, New York, let alone regularly transacted business there.  In addition to the Affidavits of Vicki Zhang (Zhang Aff. ¶4) and Jerry Wang (Wang Aff. ¶5), the deposition testimony of Jerry Wang, Amanda Maw and Vicki Zhang, all of whom worked at that location and were deposed by Plaintiffs, establish that Mr. Li did not work there, did not transact business there and, in fact, was only present at the Fifth Avenue location once or twice in 2001, and then only to visit the offices.[5]  <u>See</u> Affidavit of Matthew C. Mason, sworn to December 29, 2004 ("Mason Aff.") and previously filed with the Court [Docket No. 46, Attachment #2], Ex. A, Jerry Wang Dep. Tr. pages 29, 30, 33-34; Ex. B, Amanda Maw Dep. Tr. Page 19;  Ex. C.  Vicki Zhang Dep. Tr.  pages 23-29, 34-36, 46-48, 50–52.

---

[5]     Bridge Trading, for whom Amanda Maw and Jerry Wang worked, shared office space with Matsuoka America at the New York location, although they were separate and entirely unrelated companies.

The business card of Qinfu Li is hardly the smoking gun Plaintiffs claim it to be, and the assertions that the card "fully contradicts the defendants' affidavits" and that it shows "his Shanghai Matsuoka office at 350 Fifth Avenue" are completely untrue. (Plaintiffs' Memo. at 6)  As explained in the Defendants' Memorandum in Support of Motion to Dismiss, the business card identifies Mr. Li as the Chairman & CEO of Shanghai Matsuoka Co. Ltd, and contains contact information for the "Shanghai Head Office," the "Beijing Office," and the "American Branch."  On its face the card does not indicate that Mr. Li works or worked at the New York branch location or that he regularly transacted business there. Indeed, the card does nothing more than indicate the primary office locations of Shanghai Matsuoka Co., LTD, and the location of an "American Branch."

Mr. Li is a Chinese citizen whose principal place of business is in Shanghai, China (Zhang Aff.¶4); the summons itself lists Mr. Li's business address in Shanghai, China [Docket No. 7] and the First Amended Complaint avers that Mr. Li is a resident of China (First Amended Complaint ¶3).  The Return of Service filed with the court indicates that Mr. Li was purportedly served "c/o Matsuoka American, Ltd., at 350 Fifth Avenue, Suite 1520, New York, New York. . . . " [Docket No. 7.]  It is also undisputed that Mr. Li came from China to Connecticut to meet with Plaintiffs; that Plaintiffs never met with Mr. Li at the Fifth Avenue location; that Mr. Li came from China to California to meet with Sir Speedy; and that Jerry Wang, Amanda Maw and Vicki Zhang, who worked at the Fifth Avenue location and were deposed by Plaintiffs, all testified that Mr. Li did not work at the Fifth Avenue location.

7

The Plaintiffs have not made any showing of need for a deposition of a Chinese national who works and lives in China, to be held at a place within 100 miles of the courthouse no less, simply because a business card refers to an "American Branch." In light of the discovery already conducted on the issue, and the relevant legal standard regarding what constitutes a person's actual place of business, the requested discovery is unwarranted, unsupported, untimely and is intended to harass and annoy Mr. Li.

In sum, Defendant Li's actual place of business is in China and there is no evidence to the contrary. Mr. Li did not and does not work, let alone "regularly transact business" at the place of delivery of the summons and complaint. Plaintiffs have made no showing of need for the requested discovery and their motion to conduct discovery should be denied.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs' Motion to Extend Time to Object to Motion to Dismiss so That Discovery Can be Conducted should be denied.

                          THE DEFENDANTS LI QUIN FU AND LONG YI WANG

By: _____
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was served by United States first class mail, postage prepaid this 19th day of January, 2005, to all counsel of record as follows:

George Kent Guarino, Esq.
Ed Lerner, Esq.
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT 06901

By: _____
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.