UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

------------------------------------------------------

MARIO TETA, JR and RONALD MACHADO

Plaintiffs,

-v-

LI QUIN FU, SHANGHAI MATSUOKA
COMPANY, LTD, LONG YI WANG,
AMANDA Z. MAW, JERRY WANG, VICKI
ZHANG and MATSOUKA AMERICA LIMITED,

Defendants.

------------------------------------------------------

2005 JAN 31  P 12: 45

Case No. 3:02-CV-2183(JCH)

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JANUARY 27, 2005

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO EXTEND TIME TO OBJECT TO
## MOTION TO DISMISS SO THAT DISCOVERY CAN BE CONDUCTED

The Defendants, in their Memorandum in Opposition, have taken the position "Believe us" because we are telling the truth. In fact, the Memorandum of the Defendants and what is lacking in it adds to the reasons to permit discovery.

First, there is an essential contradiction in the Affidavits cited by the Defendants. In Vicki Zhang's Affidavit, Paragraph 3, it was stated unequivocally that Shanghai Matsuoka does not have an office in New York or Connecticut. The use of the word *branch* on the card of Mr. Li (See Exhibit 3 of the Plaintiffs' motion) clearly shows that Shanghai Matsuoka Company, LTD. had an office in New York. The word *branch* has a very clear meaning. It does not mean subsidiary, affiliate or otherwise. A *branch* is part of a company; therefore the office in New York is Shanghai Mastsuoka's. The misstatements of Vicki Zhang on that issue raises a serious question about her truthfulness.

Secondly, the Affidavit of Jerry Wang is significantly deficient, since Mr. Wang never states or gives any basis for his knowledge that Quinfu Li never worked at 350 Fifth Avenue, Suite 1520. In fact, the Affidavit of Jerry Wang submitted in the original Motion to Dismiss indicates that he is president of Bridge Trading Company. At no time does it indicate that Jerry Wang has any knowledge of the operations of Shanghai Matsuoka, their employees and what they do. Therefore, there is no factual basis for him to know what Mr. Li did.

Third, what was lacking in the original Motion to Dismiss and what is lacking in the opposition papers filed by the Defendant is any statement from Qinfu Li. Even given the opportunity after the filing of this motion, they have failed to obtain one Affidavit from Mr. Li or for that matter, have they obtained one from Long Yi Wang.

By the Defendants' own admissions, Mr. Li frequently came to the United States. It is clear from the testimony of Mr. Beck that Mr. Li handed out a business card saying that he had an office in New York. The extent of Mr. Li's participation in said office is something best testified to by Mr. Li. The lack of an Affidavit by him should lead to the conclusion that either he would not give one because it would not be helpful to him or true that if he testified in a Deposition it would show that he did work at the office at 350 Fifth Avenue. This information is best found in the knowledge of Mr. Li, not others, yet the Court has not heard from him. The one person who may have actual knowledge fails to come forward. As a matter of fundamental fairness, before considering dismissing a case based upon service in the face of evidence that his New York office existed, Mr. Li should be made to speak.

The Defendants are correct that this court has broad discretion over ordering discovery in a Motion to Dismiss. It is suggested that in this case, given the lack of any Affidavit from Mr. Li and/or Mr. Wang, the suspect veracity of the Affidavits submitted by the Defendants and the

glaring representation Mr. Li has made to others handing out his business card, these Depositions should be permitted.   The Defendant has also complained of the need of the unfairness in "dragging" Mr. Li from China to New York to take his Deposition.  Perhaps this could have been averted if Mr. Li had given a detailed Affidavit that could not be controverted in any manner. Given the need for this discovery, the admission by the Defendants that Mr. Li came to this country to meet the Plaintiffs (Page 7 of the Defendants Brief) and given the fact that it would be technologically impossible and physically unsafe to take a Deposition in China, Mr. Li should be deposed in New York – he can visit his branch.

If this Court believes that a Deposition is, as Plaintiffs suggest is required, the exact location of the Deposition could be subject to discussion provided that it is in a location that regularly has Court Reporters, where, if necessary, a translator would be available and finally where the security of the Plaintiffs and their counsel could be insured.  This could not be done in the People's Republic of China or in any of its affiliated countries.

Based upon the above facts, particularly, the lack of any direct information from Mr. Li or Long Yi Wang, the Motion for Discovery should be granted with an Order that the depositions proceed forthwith.

FOR THE PLAINTIFFS
MARIO TETA AND RONALD MACHADO


By: _____
Edward N. Lerner (ct07355)
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT  06901
T:  (203) 316-8122
F:  (203) 363-7914

3

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was served via United States first class mail, postage prepaid, this 27th day of January, 2005 to all counsel of record as follows:

Matthew C. Mason, Esq.
GREGORY and ADAMS, P.C.
190 Old Ridgefield Road
Wilton, CT 06897-4023


By _____
       Edward N. Lerner  (CT07355)
            Lerner & Guarino, LLC

4