UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF CONNECTICUT

2005 APR 22  A 10: 13

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARIO TETA, JR. and RONALD MACHADO

Plaintiffs,

-v-

LI QUIN FU, SHANGHAI MATSUOKA
COMPANY, LTD, LONG YI WANG,
AMANDA Z. MAW, JERRY WANG, VICKI
ZHANG and MATSUOKA AMERICA LIMITED,

Defendants.

Civil Case No:
302 CV 2183 (JCH)

April 21, 2005

### MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO OBJECT TO MOTION TO DISMISS SO THAT DISCOVERY CAN BE CONDUCTED

Plaintiffs in this matter have moved to extend the time in which to reply to the Defendants' Li Quin Fu and Long Yi Wang's Motion to Dismiss in order to permit discovery for sixty (60) days from the date of the Court's order on this motion. Specifically, the completion of discovery constitutes the deposition of Vicki Zhang and the taking of the depositions of Long Yi Wang and Li Quin Fu.

The Plaintiffs filed a similar motion on Jan 13, 2005, (Doc # 47) The motion was briefed by the parties. This motion, to the extent it required discovery was objected to by the Defendants. Prior to the Plaintiff's filing of a reply memorandum a decision was issued by this honorable court. The decision issued electronically and by no other means. The Defendant received a copy of the decision electronically but the Plaintiff (as has happened once before to the

plaintiff and defendant in this case) did not receive the electronic notification or a paper decision. The 60 days this honorable court had granted the plaintiff to finish discovery ticked away and passed as the plaintiff sat waiting for a ruling totally unaware that a decision had been electronically dispensed. The court should take judicial notice that this matter is not an electronic case.

On or about February 22, 2005 Plaintiff's counsel inquired of Defendant's counsel as to whether a decision had been received. Defendant's counsel replied in the negative. (It is Plaintiff's counsels position that this was a simple inadvertence and was in no way an effort to mislead and the plaintiffs make no such implication). Since this is not an electronic case and since Plaintiff's counsel did not receive a copy of the order the date should be further extended. It would be manifestly unjust and cause significant harm and prejudice should the plaintiffs be denied the remedy this honorable court granted them in its judicial reasoning as a result of an electronic glitch and oversight. The Plaintiff hereby incorporates by reference its Memorandum of Law in Support of the January 13th Motion (Docket # 47 and it Reply Memorandum Docket # 50).

## CERTIFICATION OF SERVICE

This is to certify that the a copy of the foregoing was sent via United States first class mail, postage prepaid, this 21st day of April, 2005 to all counsel of record as follows:

Matthew C. Mason, Esq.
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897-4023

By_____
EDWARD N. LERNER
Lerner & Guarino, LLC

FOR THE PLAINTIFFS

By: _____
Edward N. Lerner
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT 06901
(203) 316-8122
ct07355