UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MARIO TETA, JR. AND RONALD MACHADO : | |
| : | |
| Plaintiffs,  : | CIVIL CASE NO. |
| : | 302 CV 2183 (JCH) |
| : | |
| VS.  : | |
| : | |
| LI QUIN FU, SHANGHAI MATSUOKA : | |
| COMPANY, LTD, LONG YI WANG, AMANDA : | |
| Z. MAW, JERRY WANG, VICKI ZHANG AND : | |
| MATSUOKA AMERICA LIMITED,  : | |
| : | |
| Defendants.  : | JULY 6, 2005 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

This memorandum of law is submitted by defendant Qinfu Li (hereinafter "Li" or "Qinfu Li") in reply to the Objection to Motion to Dismiss dated July 1, 2005 and Memorandum in Support of Objection to Motion to Dismiss of Defendant Li dated July 1, 2005 ("Pl. Memo." or "Plaintiffs' Memorandum"), and in further support of defendant Li's motion to dismiss the Amended Complaint ("Complaint") (i) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process; and (ii) pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiffs have entirely failed to satisfy their burden of proof regarding personal service on defendant Li, including specifically that his actual place of business as of December 20, 2002, the date of attempted service, was at Suite 1520, 350 Fifth Avenue, New York, New York.  (Pl. Memo. at 3-11.)   First, Plaintiffs have submitted no competent evidence Li ever worked at that location, let alone regularly transacted

business there as of December 20, 2002. Second, Plaintiffs have done nothing to rebut the affidavits and deposition testimony of individuals who physically worked at that location, who uniformly testified that Li did not work there and only visited the office once or twice. Third, Plaintiffs' reliance on a single business card is misplaced because (i) the business card was merely attached to a memorandum of law and has not been submitted to the Court in a proper evidentiary fashion and (ii) in all events the card does not establish that Li worked or regularly transacted business at the New York location.

## THE RELEVANT LEGAL STANDARD

Plaintiffs entirely ignore the standard on a motion to dismiss under Rule 12(b) (5). (Pl. Memo. at 1-11.) Such a motion must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Fed. Civ. P. 4. Cole v. Aetna Life & Cas., 70 F.Supp.2d 106, 109 (D. Conn. 1999). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Id. at 110 (citations omitted). See generally Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.1996).

Plaintiffs assert that they "served the defendant pursuant to CPLR Section 308 at his actual place of business," Suite 1520, 350 Fifth Avenue, New York, New York. (Pl. Memo. at 4.). However, Plaintiffs ignore and fail to even articulate the standard governing service under CPLR Section 308(2). The Court in Underwood v. Shukat, 2002 WL 1315597 at *1 (S.D.N.Y. 2002) explained that standard as follows:

> Under New York's C.P.L.R. § 308, service upon an individual who has not designated an agent within the state for service of process may be made in one of three ways: (1) by delivering the summons to the person personally; (2) by delivering the summons to a person of suitable age and discretion at his actual place of business, dwelling place or usual place of abode and then mailing the summons to the person to be served at his last known

residence or his actual place of business in an envelope bearing the legend "personal and confidential"; or (3) where service cannot be made by delivery to the person to be served or to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person, then by affixing the summons to the door of the person's actual place of business, dwelling place or usual place of abode and then mailing the summons to the person at his last known residence or to his actual place of business. The plaintiff here relies on the place of business prong of this test to establish service on defendant Smith. "Actual place of business" has been defined by the courts in terms of "the physical proximity of the defendant to the place of service ." Anon Realty Assocs., L.P. v. Simmons Stanley Ltd., 153 Misc.2d 954, 955, 583 N.Y.S.2d 778, 779 (Sup.Ct., N.Y.Co.1992). However, "[t]he fact that a defendant does business in a given place does not necessarily make it his place of business. There must be an identification of the defendant's business with the place, such as comes with employment or proprietorship." Glasser v. Keller, 149 Misc.2d 875, 877, 567 N.Y.S.2d 981, 982 (Sup.Ct. Queens Co.1991). If defendant is "physically present [at a location] with regularity," then service is deemed proper. DiGiuseppe v. DiGiuseppe, 70 Misc.2d 188, 189, 333 N.Y.S.2d 245, 247 (N.Y.Civ.Ct.1972). In other words, "[i]n order for a place to be a person's 'actual place of business', that person must be shown to regularly transact business at that place." Anon Realty Assocs., L.P., 153 Misc.2d at 957.

See also Cho v. Song, 166 Misc. 2d 129, 133, 631 N.Y.S.2d 484 (Sup.Ct, NY City 1999), appeal dismissed, 286 A.D.2d 248, 729 N.Y.S.2d 117 (N.Y.A.D. 1 Dept. Aug 16, 2001) ("In order for a place to be a person's actual place of business that person must be physically present with regularity . . . and must be shown to regularly transact business at that place.")(citing cases).

"New York courts, testing the adequacy of service under subsections (2) and (4) of §308, which provide for delivery or attachment to a specific location, have construed the statute literally." Leab v. Streit, 584 F.Supp. 748, 760 (S.D.N.Y. Apr 14, 1984)(citing cases). Moreover, the question is whether the defendant was served at his actual place of business as of the date of the attempted service, not at some other point in time. Id. at 759-60.

3

## ARGUMENT

### PLAINTIFFS HAVE NOT DEMONSTRATED THAT MR. LI'S ACTUAL PLACE OF BUSINESS AS OF THE DATE OF ATTEMPTED SERVICE WAS AT 350 FIFTH AVENUE, SUITE 1520, NEW YORK, NEW YORK

Plaintiffs come no where close to satisfying their burden of showing that Mr. Li's "actual place of business" as of December 20, 2002 was at 350 Fifth Avenue, Suite 1520, New York, New York.  In fact, all of the evidence is to the contrary.

The evidence before the Court is Mr. Li is a Chinese citizen, whose principal place of business is in Shanghai, China.  See e.g. Affidavit of Vicki Zhang sworn to April 23, 2003 ["Zhang Aff."] ¶4. [1]  The affidavits and deposition testimony from the people who physically worked at 350 Fifth Avenue, Suite 1520, New York, New York is consistent that Mr. Li did not work there, did not transact business there and, in fact, was only physically present at the offices at 350 Fifth Avenue, New York, New York once or twice in 2001, and then only to visit them. [2]  See Zhang Aff. ¶4; Affidavit of Jerry Wang ["Wang Aff."] ¶5; Affidavit of Matthew C. Mason, sworn to December 29, 2004 ["Mason Aff."] Ex. A, Jerry Wang Dep. Tr. pages 29, 30, 33-34; Ex. B, Amanda Maw Dep. Tr. Page 19; Ex. C. Vicki Zhang Dep. Tr pages 23-29, 34-36, 46-48, 50–52.

Moreover, the Plaintiffs themselves effectively acknowledge this reality.  The summons itself lists Mr. Li's business address in Shanghai, China.  The First Amended Verified Complaint avers in paragraph 3 that "Li Quin Fu is a resident of Shanghai, China."  The Return of Service filed with the court indicates that Mr. Li was purportedly

---

[1] The Affidavit of Qinfu Li dated June 9, 2005, which was recently submitted to the Court also states that Li's principal place of business is in Shanghai, China.
[2] Matsuoka America and Bridge Trading (where Jerry Wang and Amanda Maw worked) shared office space at the New York location, although they were separate and entirely unrelated companies.

4

served "c/o Matsuoka American, Ltd., at 350 Fifth Avenue, Suite 1520, New York, New York . . ." [Docket No. 7].

The only "evidence" to support the notion that Mr. Li might have worked at the New York location is a single business card of Qinfu Li cited in Plaintiffs' opposition. That business card is not competent evidence of anything, as it has merely been submitted as an attachment to a memorandum. In all events, that card identifies Mr. Li as the Chairman & CEO of Shanghai Matsuoka Co. Ltd, and contains contact information for the "Shanghai Head Office," the "Beijing Office," and the "American Branch." The "American Branch" is located at 350 5th Avenue, New York, New York. Id. However, there is nothing on the face of the card or otherwise that indicates that Mr. Li works or worked at the New York location or regularly transacts business there. In fact, the card does nothing more than indicate the primary office locations of Shanghai Matsuoka Co., LTD, and the location of an "American Branch." There is no evidence that Li ever received mail or phone calls at this New York location, that he was listed on the door or lobby register as working in the building, or otherwise was present in any fashion relative to transaction of business from that location. In short, there is no evidence that the "American Branch" is a location at which Mr. Li regularly transacted business or ever transacted business.[3]

Plaintiffs make the bald and false statement that "Ms. Zhang in her affidavit states that Li's office is in Shanghai China despite Li's own conduct and representations to the plaintiff to the contrary." (Pl. Memo. at 4.) There is no evidence that Li ever represented to Plaintiffs (or anyone else) that he worked in New York. In fact the opposite is true, as

---

[3] Moreover, the card was purportedly provided to Sir Speedy in January 2002. There is no evidence that whatever state of affairs may have existed at that time existed on December 20, 2002.

5

the business card provided by Mr. Li to the Plaintiffs and produced by Plaintiffs in discovery did *not* contain a New York address at all.  See Affidavit of Matthew C. Mason, sworn to July 6, 2005 ("Mason 2005 Aff.") Ex. A, Ronald Machado Dep. Tr. pages 25-27 (esp. Tr. 27 lines 5-8) and Ex. B, Deposition. Ex. 5 (redacted just to show Mr. Li's card).  Plaintiffs' failure to submit any affidavit or deposition testimony in support of this assertion is telling.

In sum, Plaintiffs have entirely failed to satisfy their burden of establishing that Li's actual place of business as of December 20, 2002, the date of attempted service, was at Suite 1520, 350 Fifth Avenue, New York, New York.  Accordingly, the attempted service on Li fails and the complaint against him should be dismissed.  In addition, the Complaint should be dismissed because it fails to state a claim against him as set forth in Defendant's moving papers.

## **CONCLUSION**

For the reasons set forth above, and in Defendants' Memorandum of Law in Support of Motion to Dismiss, the complaint against Defendant Qinfu Li should be dismissed in its entirety.

**THE DEFENDANT QINFU LI**

By: _____
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was served by United States first class mail, postage prepaid this 6th day of July, 2005 to all counsel of record as follows:

George Kent Guarino, Esq.
Ed Lerner, Esq.
Lerner & Guarino, LLC
112 Prospect Street
Stamford, CT 06901

               By_____
                 Matthew C. Mason (ct 15291)
                 Gregory and Adams, P.C.