UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO TETA, Jr. ET AL | : | |
|     Plaintiffs | : | CIVIL ACTION NO. |
| v. | : | 3:02-cv-2183 (JCH) |
| | : | |
| LI QUIN FU, ET AL | : | |
|     Defendants. | : | July 14, 2005 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 46]**

    Defendants Qinfu Li and Long Yi Wang bring this motion to dismiss plaintiffs Mario Teta, Jr. and Ronald Machado's Complaint against them pursuant to Fed. R. Civ. P. Rule 12(b)(5) for insufficiency of service of process and Fed.R.Civ.P. 9(b) and 12(b)(6) for failure to state a claim upon which relief can be granted.

    In their response, plaintiffs Teta and Machado concede the defendants' motion as it pertains to defendant Long Yi Wang, and accordingly the motion to dismiss as to Long Yi Wang is hereby GRANTED. For the reasons discussed below, defendants Li's motion to dismiss the complaint for defective service is GRANTED as well. Furthermore, for the reasons discussed below, the plaintiffs are put on notice pursuant to Fed.R.Civ.P. Rule 4(m) to show cause by August 1, 2005 demonstrating why the Complaint against defendant Shanghai Matsuoka should not be dismissed for failure to timely effect service.

**BACKGROUND**

    Teta and Machado filed this suit against the defendants on December 11, 2002, stating charges arising from an alleged breach of an alleged agreement between the parties. See Compl. ¶ 15. On December 12, 2002, summons were issued by this court

1

for all defendants, including, <u>inter alia</u>, Li (identified in plaintiffs' papers as "Li Quin Fu"), Wang, and Shanghai Matsuoka Co., Ltd., a corporation located in Shanghai, China. <u>See</u> Summons, 12/12/02. On March 17, 2003, the summons for Li and Wang were returned as having been executed on December, 20, 2003 by service that was received on defendants' behalf by defendant Jerry Wang at the offices of Matsuoka America, Ltd., located at 350 Fifth Avenue, Suite 1520, New York, New York. <u>See</u> Summons, 3/17/03 [Dkt. Nos. 7, 10]. To date, no summons have been returned as executed for Shanghai Matsuoka Co, Ltd.

On April 24, 2003, the defendants filed a motion to dismiss challenging, among other things, the sufficiency of the service of process as to Li, Wang, and Shanghai Matsuoka Co., Ltd.  <u>See</u> Motion to Dismiss [Dkt. No. 13]. On September 23, 2003, the plaintiffs moved for the issuance of additional summons for these three defendants so that they could be served in China.  Motion for Issuance of Add'l Summons [Dkt. No. 32].  This court granted the motion for additional summons on November 24, 2003, directing plaintiffs to "begin efforts to serve promptly." Order [Dkt. No. 37].  On February 24, 2004, this court ruled on the defendants' Motion to Dismiss.  Ruling [Dkt. No. 40]. In doing so, this court dismissed the Complaint as against all defendants except Li, Wang, and Shanghai Matsuoka Co. <u>Id.</u> at p. 16.  As to the defendant's motion to dismiss based on insufficient service of process on Li, Wang, and Shanghai Matsuoka, Co., this court noted the additional summons that had been issued in February and, in light of these additional summons, denied the Motion to Dismiss without prejudice to renew as to these defendants.  <u>Id.</u> at p.5, 10-11.

On December 30, 2004, after no return of service for the additional summons

had been executed and returned to the court, Li and Wang filed this motion to dismiss for, among other reasons, insufficient service of process. In response, Teta and Machado concede the dismissal of the Complaint as against Wang, but argue that, by serving the summons and complaint to Li at 350 Fifth Avenue, they have complied with the applicable procedural requirements of Fed.R.Civ.P. Rule 4 and N.Y. C.P.L.R. § 308(2).

**DISCUSSION**

### A. Insufficient Service of Process on Li

Li moves to dismiss the Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(5) for defective service of process and pursuant to Fed.R.Civ.P. Rules 9(b) and 12(b)(6) for failure to state a claim for relief. Because this court finds that the service was defective, it does not consider Li's arguments concerning the sufficiency of the claims against him.

The burden of showing that service of process was not defective clearly rests with the plaintiff. "A motion to dismiss pursuant to . . . 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure . . . . Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Cole v. Aetna Life & Cas, 70 F.Supp.2d 106, 109 -110 (D.Conn.,1999)(citations omitted); see also Mende v. Milestone Technology, Inc.,269 F.Supp.2d 246, 251 (S.D.N.Y.,2003).

Rule 4(e)(1) allows parties to serve pursuant to the law of the state in which the service is effected. Fed.R.Civ.P. 4(e)(1). In this case, the plaintiffs attempted to effect

3

service on the defendants in New York. New York law provides that service can be effected by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." N.Y. C.P.L.R. § 308(2) (McKinney 2005). Teta and Machado argue that they complied with this requirement by serving Li at Matsuoka America's offices at 350 Fifth Avenue, which they argue is an actual place of business for Li for purposes of § 308(2). Li argues that the summons and complaint were not properly served on them because Li resides in China and does not regularly conduct business at the New York office.

Under New York law, "'[a]ctual place of business' has been defined by the courts in terms of 'the physical proximity of the defendant to the place of service' . . . [i]n order for a place to be a person's 'actual place of business,' that person must be shown to regularly transact business at that place." Underwood v. Shukat, 01-CIV-786, 2002 WL 1315597 at *1 (S.D.N.Y. June 14, 2002) (quoting Anon Realty Assocs., L.P. v. Simmons Stanley Ltd., 153 Misc. 2d 954, 955-957, 583 N.Y.S.2d 778, 779-780 (Sup.Ct.N.Y.Co., 1992)). "New York case law requires that a defendant's actual place of business be a place where he is physically present and conducts business with some regularity. If a defendant has an interest in an entity conducting business from a particular place but does not himself regularly transact business there, it is not his actual place of business for purposes of section 308(2)." Nat'l Union Fire Ins. Co. of Pittsburgh v. Forman 635 Joint Venture, 94-CIV-1312, 1996 WL 272074 at *2 (S.D.N.Y. May 21, 1996)(citations omitted).

Li maintains that he is a resident of China and as such does not regularly

conduct business at 350 Fifth Avenue. He has submitted affidavits and deposition testimony from Jerry Wang and Vicki Zhang stating that he did not work at 350 Fifth Avenue when the summons and complaint were served there on December 20, 2002. See Wang Aff. [Dkt. No. 15]; Zhang Aff. [Dkt No. 16]; Motion to Dismiss, Ex. A and B [Dkt. No. 46].

In response, Teta and Machado make several arguments premised on a business card of Li, which identifies Li as the chairman and CEO of Shangai Matsuoka Co., Ltd., and which lists, as one of three addresses, an "American Branch" located at 350 Fifth Avenue in New York. Pls. Obj. to Motion to Dismss, Ex. 3 [Dkt. No. 55]. Teta and Machado argue that the representation on Li's business card contradicts the testimony and statements of Jerry Wang and Vicki Zhang as to the places of business that Li maintains, and thus impugns the credibility of those statements. They also argue that this card represents proof that the New York office was an "actual place of business" for Li.

Teta and Machado's arguments are unavailing. As noted above, to be an actual place of business, a defendant must physically conduct business with some regularity in that place. See Nat'l Union Fire Ins. Co., 1996 WL 272074 at *2. The business card does not constitute proof that Li was physically conducting business on a regular basis from the New York office when the summons and complaint were served. Accordingly, the plaintiffs have not met their burden of proof to demonstrate the sufficiency of service of process under C.P.L.R. § 308(2). The service was thus defective under Fed.R.Civ.P. Rules 4 and 12(b)(5). Li's Motion to Dismiss is hereby GRANTED.

5

**B. Timeliness of Service on Shanghai Matsuoka Co.**

Defendant Shanghai Matsuoka Co., Ltd. did not join Li and Wang's motion to dismiss for insufficient service. However, under Fed.R.Civ.P. Rule 4(m), "if service of the summons and complaint is not made upon a defendant within [the applicable time period] after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. Rule 4(m).

Rule 4(m) also provides that service in a foreign country is exempted from the 120 day time requirement contained in the rule. Id. However, "[t]he mere fact that Congress exempted foreign service from the 120-day requirement[ ] does not give litigants an unlimited time in which to complete service." Yellowave Corporation v Mana, 2000 WL 1508249 at *2, 00-CIV-2267 (S.D.N.Y., October 11, 2000)(quoting In re Crysen/Montenay Energy Co., 166 B.R. 546, 553 (S.D.N.Y. 1994)). Instead, "where service is in a foreign country, the Court uses a flexible due diligence standard to determine whether service of process was timely." Id. (quotation omitted). Moreover, "the 120-day time limit is appropriate where plaintiff has not even attempted service in the foreign country." Id. (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)). Delays in service may be excused where parties demonstrate "good cause" for the delay. In re Crysen, 166 B.R. at 553. In determining whether good cause exists, a court considers "1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." Id. (citations

omitted).

In In re Crysen/Montenay, the district court found, in applying the flexible due diligence standard, that a finding of diligence was precluded where fourteen months had transpired before the serving party attempted to perfect service of process. In re Crysen, 166 B.R. at 553.  Here, thirty-one months have transpired since the original summons was issued by this court for Shanghai Matsuoka Co., Ltd., and sixteen months have transpired since the additional summons were issued following the plaintiffs' motion.  Pursuant to Fed.R.Civ.P. Rule 4(m), the plaintiffs hereby ORDERED to show cause by August 1, 2005 why this case should not be dismissed as to the sole remaining defendant, Shanghai Matsuoka Co., Ltd., for failure to effect service.

**CONCLUSION**

For the foregoing reasons, defendants Li and Wang's Motion to Dismiss [DKT. NO. 46] is hereby GRANTED.  The plaintiffs are hereby ORDERED to show cause by August 1, 2005 why this case should not be dismissed as to Shanghai Matsuoka Co., Ltd., for failure to effect service.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 14th day of July, 2005.

    /s/Janet C. Hall
    Janet C. Hall
    United States District Judge