UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIO TETA and RONALD MACHADO :

Plaintiffs                                            :     CASE NO: 3:02-CV-02183-JCH

Vs.                                                    :

LI QUIN FU, et al.                                :

Defendants                                       :     DECEMBER 6, 2005

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

The Plaintiff moves for reconsideration of the court's denial of the plaintiff's request for an extension of time to disclose expert witnesses. This request for an extension of time was only filed after the Plaintiffs' relationship with previous counsel had broken down and it became necessary for new counsel to be retained. Upon taking over the case, the undersigned was faced with a deadline to disclose any experts within a week of being retained. At that time, and to date, Plaintiffs' counsel has not received the entirety of the file in this matter. The undersigned has not been able to review the deposition transcripts in order to determine if an expert witness is appropriate and necessary in this case. The motion for an extension was not filed for the purpose of delay and the granting of

said motion will not cause a significant delay in the proceedings. It is likely that a new well reasoned approach to the case will expedite the trial of this matter and facilitate meaningful discussions between the parties.

**ARGUMENT**

The Plaintiffs acknowledge that the standard for granting a motion for reconsideration. "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked, matters in other words, that might reasonably be expected to alter the conclusion reached by the court." Schraeder v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995). Reconsideration is appropriate where "there has been an intervening change in controlling law, there is new evidence or a need is shown to correct a clear error of law or to prevent a manifest unjustice." United States v. Sanchez, 35 F.3d 673 (2d. Cir. 1994). Undersigned counsel's appearance has only been active in this file since November 14, 2005. Although the case has been pending for approximately three years, the Plaintiffs had a breakdown in the relationship with their previous counsel for a significant amount of time previous to the appearance of undersigned. There was no meaningful and trusting communication between attorney and client which has caused the time to

disclose experts to run. The court's denial of the motion for reconsideration constitutes a manifest injustice in that the plaintiffs will possibly be precluded from presenting an adequate case because of the negative prior relationship with counsel. The undersigned is trying to do the right thing which is to prepare the case for trial and to move the case forward.

The extension of time requested by the Plaintiffs will not cause a delay in the proceedings. The Plaintiff is seeking a very short period of time in which to make the requested disclosure. Also, it is likely that the opportunity to disclose an expert will allow the parties to engage more meaningfully discuss the case and allow for an expeditious conclusion. It would be manifestly unjust to allow the inactivity and delays of prior counsel to prejudice the Plaintiffs in this matter.

THE PLAINTIFFS,

BY:____/s/_____
Kenneth A. Votre
Votre & Associates, P.C.
201 Orange Street
New Haven, CT 06510
Tel.: 203.498.0065
Fax.: 203.821.3595
Juris No.: CT 422508

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this, the 6th day of December, 2005, to the following counsel of record:

Matthew C. Mason
Gregory & Adams
190 Old Ridgefield Road
Wilton, CT 06897

_____
Kenneth A. Votre, Esq.